[No. 6,996.—Department Two.]
May 22, 1882.

WILLIAM HALL *v.* JAMES S. BOYD ET AL.

ESTOPPEL BY JUDGMENT—EVIDENCE—EJECTMENT—MORTGAGE SALE—COM-
MISSIONER'S DEED—ATTORNEY IN FACT.—In an action of ejectment, the
plaintiff deraigned title under a commissioner's deed made in pursuance
of a judgment recovered by him in an action against the defendant's
grantor, .commenced after the defendant's purchase and to which he was
not a party; and relied upon the record of that case for proof of material
facts. *Held:* The defendant is not bound by the judgment.

APPEAL from a judgment for the defendant and from an
order denying a new trial in the Fifteenth District Court,
City and County of San Francisco. DWINELLE, J.

The action was ejectment; and the only proofs introduced
on the trial (except evidence is to the identity of the premises,)
were the mortgage and deeds and the record referred to in
the opinion.

*Lyman I. Mowry*, for Appellant.

The conveyance made by Reynolds, as Commissioner, under
the decree in *Hall* v. *Boyd et al.*, passed the fee from Laskie
to William Hall, the plaintiff herein. (*Bergen* v. *Bennett*,
1 Caine's Cas. 15; S. C., 2 Am. Dec. 281; *Wilson* v. *Troup*,
2 Cow. 236; S. C., 14 Am. Dec. 458.)

*W. W. Cope*, for Respondents.

The deed from Mathews to James Hall was a mere nullity.
It did not convey the title of Laskie, nor operate as an assign-
ment of the mortgage. (*Peters* v. *The Jamestown Bridge Com-
pany*, 5 Cal. 334; *Nagle* v. *Macy*, 9 id. 426; 1 Jones on Mort-
gages, Sec. 808, and cases cited.) But the law on the subject
is perfectly well settled. When a judgment is offered against
a stranger as a muniment of title, it is admitted on the same
principle as a conveyance, and its effect as evidence is limited
to the fact of its own existence, and the legal consequences
resulting from it. The supposed facts on which the judgment
was based must be proved *aliunde*. (Phillips on Evidence;
Cowen & Hill's Notes, Part, 2 p. 45; *Lovell* v. *Arnold*, 2 Munf.

167; *Wardlaw* v. *Hammond*, 9 Rich. Law, 454; *Hooper* v. *Pair*, 3 Port. Ala. 401; S. C., 29 Am. Dec. 258; *Snodgrass* v. *Bank of Decatur*, 25 Ala. 175; *Archer* v. *Bacon*, 12 Mo. 156; *Putnam Free School* v. *Fisher*, 34 Me. 175; *Wilson* v. *Davol*, 5 Bosw. 624; *Rowland* v. *Day*, 17 Ala. 684; *Hollingsworth* v. *Barbour*, 4 Pet. U. S. 477, C. C. P. §§ 282, 389.)

*W. H. Tomkins*, also for Appellant in reply.

Laskie executed the mortgage to Mathews as security for the payment of five hundred dollars. The mortgage contained a power of sale by which Mathews was authorized to sell the land in the event of non-payment of the money within three months on giving the notice specified in the mortgage. This was a power coupled with an interest, Mathews therefore, was not merely the agent of Laskie, he had an interest in the subject matter, and for that reason his power was irrevocable. (Jones on Mortgages, Secs. 1792, 1794, and cases cited.)

The sale having been made by Mathews to James Hall, who paid the purchase money to Mathews, the debt was thereby paid, and the note and mortgage became as worthless as two blank pieces of paper.

My associates' authorities on this point seem to be conclusive, even if the respondent were, as he claims to be, a *bona fide* purchaser.

But he is not a *bona fide* purchaser. There is no evidence showing or tending to show, that he paid any consideration for the note or mortgage, or that he had no notice of the sale by Mathews to James Hall. (*Long* v. *Dollarhide*, 24 Cal. 227; *Galland* v. *Jackman*, 26 Cal. 88; Jones on Mort. Sec. 1891; *Speer* v. *Hadduck*, 31 Ill. 439.)

The doctrine of relation is referred to by my associate, and he has cited the case of *Gibson* v. *Chouteau*, 13 Wall. 100. I think the principle is decisive of the case at bar. (*Merrill* v. *Chapman*, 34 Cal. 253; *Waterman* v. *Smith*, 13 id. 373; *Moore* v. *Wilkinson*, 13 id. 478; *Leese* v. *Clark*, 18 id. 535; *Leese* v. *Clark*, 20 id. 387; *Seale* v. *Ford*, 29 id. 104; Rorer on Judicial Sales, § 366, p. 36, 976; *Osterberg* v. *Union Trust Co.*, 93 U. S. 424; Jones on Mortgages, § 1654, and cases cited.)

It is a plain proposition that the respondent claiming title under Laskie, by the foreclosure decree sale and deed, having obtained in fact his deed prior to the plaintiff's deed, but in law ten years subsequent by relation, is a subsequent purchase from Laskie and privy to his title, and therefore all the recitals in plaintiff's judgment and deed are conclusive upon him. (*Munroe* v. *Parkhurst*, 9 Wend. 209 ; *Jackson* v. *Brooks*, 8 Wend. 426 ; *Carver* v. *Astor*, 4 Pet. 1, 82, 83 ; *Crane* v. *Morris's Lessee*, 6 Pet. 598, 611.)

When Mathews sold the land to James Hall, under the power contained in the mortgage, he had exhausted his power, and a subsequent purchaser purchased at his peril. (*Swan* v. *Saddlemire*, 8 Wend. 681; *Craft* v. *Merrill*, 14 N. Y. 460–1 ; *Jackson* v. *Clark*, 18 Johns. 441.)

MYRICK, J.:

This is an action of ejectment. Judgment went for defendant, from which, and from the order denying motion for new trial, plaintiff appealed.

On the first of January, 1850, one Laskie was the owner of the premises in controversy. On the second of October, 1850, Laskie, for the purpose of securing the payment, on or before January 15, 1851, of a promissory note for five hundred dollars and interest, executed to one Matthews a mortgage of said premises, which mortgage contained a clause, that in case of failure in the payment of the money secured, said Laskie constituted said Matthews his attorney in fact, with power and authority to sell the mortgaged premises, at public auction, to the highest bidder, for cash, on giving notice as prescribed, and "to execute, deliver and acknowledge a proper and sufficient deed or deeds of conveyance, in his name, as his attorney in fact, to the purchaser or purchasers." June 11, 1851, said Matthews, in his own name as grantor, for the consideration named of four hundred dollars executed to James Hall a quitclaim deed of the premises. In this deed no reference was made to the mortgage or to the power therein contained, nor to Laskie. In 1861 the defendant, Boyd, purchased from Matthews the promissory note and mortgage, and brought an action for the foreclosure of the mortgage, in which action such proceedings were had that a

decree of foreclosure and sale was made, a sale was had and a deed thereunder executed to Boyd. Laskie, Matthews, and others (not including James Hall or plaintiff), were made defendants in this action. Upon the sale a deficiency existed, for which judgment was docketed, and a sale on execution was had of the premises to one Turney, who conveyed to defendant Boyd.

These proceedings on the foreclosure and sales occurred during the years 1861, 1862, and 1863. In 1876 the plaintiff herein, William Hall, commenced an action against said Henry Matthews and the defendant Boyd, alleging the execution of the note and mortgage before mentioned, from Laskie to Matthews, its non-payment, the sale by Matthews to James Hall for four hundred dollars, which amount satisfied the debt from Laskie to Matthews; that in executing the deed from Matthews to Hall, Matthews did not comply with the terms and conditions of the power of sale, and that the deed was not sufficient to convey the title to said James Hall; that James Hall had died, leaving plaintiff, Wm. Hall, his sole surviving heir at law; also, alleging a pretended assignment and transfer of the mortgage and possession of the premises by Boyd under foreclosure proceedings based on such mortgage and assignment; and praying that Matthews execute to said Wm. Hall a proper deed under said power, and that the pretended assignment from Laskie to Boyd be annulled, etc. This action was subsequently dismissed as to Boyd, but such proceedings were had that judgment was rendered against Matthews, a Commissioner was directed to execute a deed, and a deed was executed accordingly.

From the facts presented to us, the judgment of the Court below was correct. The defendant, Boyd, was not a party to the judgment rendered in the action brought by the plaintiff herein against Matthews, and is not bound thereby. It does not appear, other than by the judgment in that action, that James Hall is deceased, or that the plaintiff is his heir, or that the note and mortgage executed by Laskie to Matthews were paid out of the proceeds of the sale from Matthews to James Hall or otherwise, James Hall took nothing (as against Laskie) by the deed to him from Matthews; the grantor named in that deed had no legal estate to convey ; he did not assume

or pretend to act under the mortgage or the power therein contained; the power was, expressly, that he might convey in the name of, and as attorney in fact of Laskie, and no attempt was made to act in that way or in that capacity. It is true that Matthews had a power, coupled with an interest, but that power was to act as an attorney in fact, and the interest was that he might by acting as such attorney accomplish the payment of his debt. Neither was the deed an assignment or extinguishment of the debt referred to in the note and mortgage; but the debt and security remained in Matthews, and were by him assigned to Boyd, who became the owner thereof and by the foreclosure proceedings acquired the title to the premises.

Judgment and order affirmed.

THORNTON and SHARPSTEIN, JJ., concurred.