[No. 12875.    Department One. — June 2, 1890.]

## W. H. NORTON, RESPONDENT, *v.* W. C. WHITEHEAD, ADMINISTRATOR, ETC., ET AL., APPELLANTS.

ASSIGNMENT OF MONEYS ACCRUING UNDER NON-ASSIGNABLE CONTRACT. — A provision in a contract with the board of state harbor commissioners for the repair of a sea-wall, that it should not be assignable without the written consent of the board, does not preclude a valid assignment, without such consent, of all moneys due or to become due on work which the contractor may perform under the contract as security for indebtedness of the contractor to the assignee.

ID. — CONSTRUCTION OF ASSIGNMENT FOR SECURITY — FUTURE INDEBTEDNESS. — A provision in the assignment that it shall remain in force until all notes due or to become due from the contractor to the assignee are paid is broad enough to include notes thereafter to be made, and will be held to include such notes, if the intention to include them is indicated by the circumstances under which the assignment was made and the subsequent conduct of the parties.

ID. — IRREVOCABLE POWER OF ATTORNEY — INTEREST IN SUBJECT-MATTER OF POWER — DEATH OF PRINCIPAL. — If, after the assignment, the contractor executes a power of attorney, irrevocable in terms, authorizing the assignee to collect and receive all moneys which are or shall become due under the contract, and gives him a letter of introduction to the secretary of the board containing a notice of the power, and if such assignment, power of attorney, and letter, taken in connection with the circumstances and conduct of the parties, evince that the assignee has an interest in the subject over or concerning which the power was to be exercised, the power of attorney is so coupled with an interest as not to be revoked by the death of the principal.

ID. — PROVISION FOR IRREVOCABILITY OF POWER. — A provision in a power of attorney that it is to be irrevocable, though not conclusive, tends to

prove that the parties understood that the attorney had an interest in the subject-matter upon which it was intended to operate.

ID. — ACTION UNDER POWER BY ASSIGNEE AFTER DEATH OF PRINCIPAL. — The provision in such irrevocable power of attorney authorizing action in the name of the principal detracts nothing from the right of the assignee, who receives the power, from acting in his own name as assignee in receiving moneys accruing either before or after the death of the principal.

APPEAL — HARMLESS ERROR. — An error in the admission of evidence, which could by no possibility harm the appellant, is not ground for reversal of the judgment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*W. C. Burnett, W. H. H. Hart,* and *Aylett R. Cotton,* for Appellants.

*Henry M. McGill,* and *D. H. Whittemore,* for Respondent.

VANCLIEF, C. — On the ninth day of June, 1885, the deceased, D. Finley, entered into a written contract with the board of state harbor commissioners, whereby he agreed to repair (re-face) two sections of the sea-wall on the water-front of the city of San Francisco, the work to be commenced within twenty days and to be completed within one hundred and fifty days from date of the agreement. The work was to be paid for by drafts on the harbor improvement fund, upon monthly estimates of the value of the material used and of the work performed at the rates agreed upon; seventy-five per cent of such value to be paid monthly, and the remaining twenty-five per cent to be paid when the work should be completed. The contract contained the provision that it should not be assignable without the written consent of the board, party of the first part.

During the progress of the work, Finley, for the purpose of obtaining money to carry on the work, borrowed

from the plaintiff at different times considerable sums of money, for most of which he gave plaintiff his promissory notes. Plaintiff was employed a portion of the time as assistant foreman on the work, for which he was to be paid what his services were reasonably worth.

On February 8, 1886, Finley executed to plaintiff a writing, of which the following is a copy:—

"SAN FRANCISCO, February 8, 1886.

"To ALL WHOM THIS MAY CONCERN: I hereby assign, transfer, and set over to W. H. Norton, or assigns, all moneys due me, or which may become due to me, on any work I may perform. And this assignment to remain good and in full force until all notes due, or which are to become due, to W. H. Norton, or his assigns, from me are paid, and when said notes are paid this instrument to be null and void.    DAVID FINLEY."

On March 27, 1886, Finley executed to plaintiff a power of attorney, of which the following is a copy:—

"Whereas, I, David Finley, of the city and county of San Francisco, state of California, did, on the ninth day of June, A. D. 1885, enter into a contract with the board of state harbor commissioners of the state of California to re-face the outer slope of sections one (1) and two (2) of the sea-wall on the water-front of the city and county of San Francisco, state of California;

"And whereas I am now desirous that all moneys that have become or may become due to me by reason of my performance of said contract shall be paid to W. H. Norton of said city and county,—

"Now, therefore, to carry out my said desire, I appoint said W. H. Norton my true and lawful attorney, irrevocable, for me, and in my name, place, and stead, to collect and receive all sums of money which are or shall be due, owing, or payable to me by reason of my performance of said contract made by me with said board of state harbor commissioners as aforesaid.

"Giving and granting unto my said attorney full power and authority in and about the premises, and in my name to make, execute, and deliver all and every receipt and instrument required to the secretary of said board, or to said board, hereby ratifying, confirming, and holding valid all that my said attorney shall lawfully do by virtue of these presents.

"In witness whereof I have hereunto set my hand and seal this twenty-seventh day of March, A. D. 1886.

"David Finley.   [seal.]"

On October 4, 1886, Finley gave plaintiff the following letter of introduction: —

"San Francisco, Oct. 4, 1886.

"George Tilgham, Esq., Secretary Board of State Harbor Commissioners.

"*Sir,*—This will introduce to you Mr. W. H. Norton, whom I hereby empower (and to whom I have given a special power of attorney) to receive and receipt for all warrants for money due me on my contracts with the board of state harbor commissioners for facing up sections 1 and 2 of the sea-wall with rocks.

"David Finley."

On November 9, 1886, before the work was completed, Finley died intestate, and the defendant Whitehead was appointed administrator of his estate, and, as such administrator, Whitehead completed the work on the sea-wall according to the contract and to the satisfaction of the board of harbor commissioners.

At the time of the commencement of this action twenty-five per cent of the contract price of the work remained unpaid, amounting to $3,225.

The plaintiff claims that Finley was indebted to him at the time of his death, and at the time the work was completed, on account of said loans, in a sum more than equal to the $3,225 balance due for said work, and the principal object of this action is to compel the board of

state harbor commissioners to draw their warrant for said balance directly in favor of the plaintiff, as the estate of Finley is alleged to be insolvent.

The defendants contended that plaintiff was not entitled to this relief, and that the warrant for the unpaid balance due on the contract should be drawn in favor of the administrator of Finley's estate.

The court gave judgment for the plaintiff, and the defendants appeal from the judgment, and from an order denying their motion for a new trial.

Among the findings of fact by the court are the following: "That during the progress of said work said Finley, for the purpose of obtaining money to complete said contract, borrowed from the plaintiff the sum of $2,111.46, and gave plaintiff the promissory notes mentioned in the amended complaint herein, and in May and June, 1886, the further sum of $239.40, for which no note was given; that said Finley employed the said plaintiff as foreman of said work and agreed to pay the reasonable value of said services, and that the reasonable value of said services is the sum of $768.75; that to secure the said sums of $2,111.46 and $768.75 said Finley assigned to plaintiff all the moneys due or to grow due on said contract, and made, constituted, and appointed said plaintiff his attorney in fact, by a power of attorney, irrevocable, and coupled with an interest to collect and receive the money due or to grow due on said contract, and that there is due plaintiff for the performance of said contract, for money so advanced, and for labor so performed the sum of $2,880.15, together with interest on the said sum of $1,572 from May 2, 1886, at the rate of one per cent per month, and on said sum of $300 from June 21, 1886, at the rate of one per cent per month, making a total interest of $346.96, no part of which, principal or interest, has been paid, and that there is due from the said board of state harbor commissioners on said contract the sum of $3,225; that on the ninth day

of October, 1886, the said Finley agreed that the said
sum of $3,225 should be paid to plaintiff to reimburse
said plaintiff for the amounts so due to plaintiff from
said Finley, and assigned said sum to plaintiff, but did
not assign said contract; that at all the times subsequent
to the thirty-first day of March, 1886, said board of state
harbor commissioners knew of said assignment and
power of attorney."

The only attack worthy of consideration made upon
these findings is based upon the ground that the evidence
does not justify the finding of the assignment by Finley
to plaintiff of the former's right to the money to become
due on the sea-wall contract, and particularly of the last
installment of twenty-five per cent thereof, as security or
otherwise.

To sustain this finding it is necessary to show that
the power of attorney from Finley to plaintiff was so
coupled with an interest as to prevent its revocation by
the death of Finley; and whether it was so, or not, is
the pivotal question in the case.

I think the assignment of February 8, 1886, the
power of attorney, with its recitals, of March 17, 1886,
and the letter of introduction to the secretary of the
board, of October 4, 1886, construed in the light of the
circumstances under which they were executed, and the
subsequent conduct of the parties in relation thereto, as
proved by J. M. Polk, A. C. Paulsell, J. C. L. Wadsworth,
and John H. Wise, are sufficiently evincive of an assign-
ment, legal or equitable, giving plaintiff an "interest
in the subject-matter over or concerning which the
power was to be exercised." (*Frink* v. *Roe*, 70 Cal. 309;
*Hunt* v. *Rousmanier*, 8 Wheat. 175.)

The subject-matter upon which the power was to be
exercised was "all moneys that have become or may
become due to me [Finley] by reason of my perform-
ance of said contract," which I desire "shall be paid to
W. H. Norton [plaintiff] of said city and county." At

the time this power of attorney was executed, the plaintiff held Finley's written assignment of all such moneys due or to become due for any work he might perform, dated February 8, 1886, which assignment was "to remain good and in full force until all notes due, or which *are to become due,* to W. H. Norton or his assigns, from me, are paid," and to become null and void when said notes are paid.

It is contended by appellants' counsel that the security by this assignment was limited to notes in existence at the time it was made, and that all such notes had been paid before the execution of the power of attorney.   But the language seems broad enough to embrace notes thereafter to be made; and in view of the circumstances under which it was made, and the subsequent conduct of the parties, I think the trial court properly so construed it.   It was deposited with the secretary of the board of harbor commissioners as evidence of plaintiff's right to all moneys to become due to Finley, and it was allowed to remain there, after the power of attorney was executed, and until after the death of Finley; and the evidence strongly tends to show that the power of attorney was in like manner deposited with the secretary of the board.

If the assignment had fully discharged its functions, or was to be superseded by the power of attorney, why was it not delivered up or canceled when the power of attorney was executed?   At the time the assignment was made, plaintiff was on Finley's bond for the performance of the contract, and was "backing him" with money to enable him to perform it; and the defendant, Whitehead, testified that Finley was indebted to Norton all the time during the year 1886.

It is to be fairly inferred from the evidence that it was the continuous understanding between plaintiff and Finley that the former was to furnish, from time to time, all money necessary to carry on the work until it was

completed, and that he did so; and it appears that plaintiff was never fully paid at any time while the work was being done.

The power of attorney itself indicates more than that plaintiff was empowered to receive the money merely as Finley's agent. The second recital indicates that the object of the power was to enable plaintiff thereby to obtain payment of money due him. The language of this recital is out of place, and entirely superfluous, if nothing more was intended than to empower plaintiff to receive the money as Finley's agent.

The power of attorney also provides that it is irrevocable; and although this is not conclusive, it nevertheless tends to prove that the parties understood that plaintiff had an interest in the subject-matter upon which it was to operate.

Counsel for appellants further contend, on the authority of *Hunt* v. *Rousmanier*, 8 Wheat. 175, that conceding that plaintiff had such an interest in' the subject-matter of the power of attorney as would have deprived Finley of the power to revoke it during his lifetime, yet inasmuch as plaintiff, in receiving and receipting for the warrants and money, must have acted in the name of Finley, he could not have done so after Finley's death.

I think the learned counsel mistaken in assuming that it was necessary that plaintiff should receive or receipt for the warrants or the money in the name of Finley. Upon the construction of the assignment, power of attorney, and letter of October 4th, properly, as I think, given by the trial court, the plaintiff was entitled to receive and receipt for the warrants, or money, in his own name, both before and after the death of Finley; and such receipt, in his own name, in connection with the papers above named, would have protected the board of harbor commissioners and the state against all demands of Finley or his administrator for the same warrants or

the money for which they were drawn. It is true that the power of attorney expressly authorized the plaintiff to act in Finley's name, but this detracted nothing from plaintiff's right to act in his own name *as the assignee* of Finley. In the case of *Hunt* v. *Rousmanier*, 8 Wheat. 175, there was no sale nor assignment of any interest in the subject-matter (vessels at sea) of the power of attorney, by way of mortgage or otherwise. The bill shows that the complainant intentionally and expressly declined to take a mortgage of the vessels. There was, however, a proviso in the power of attorney reciting that it—the simple power of attorney—was intended to secure certain promissory notes, and was to be void on their payment; but the court held that this proviso did not have the effect of a sale, assignment, or mortgage of any interest in the vessels, and having no such interest, the complainant could do nothing except to exercise his simple power of attorney to sell, which could only be done in the name of his constituent, who was dead, and therefore could not be done at all, as he could not sell in the name of a dead man. In the case at bar the court has found, upon evidence substantially tending to prove the finding, not only that Finley executed to plaintiff an irrevocable power of attorney, but also that " said Finley assigned to plaintiff all the moneys due or to grow due on said contract," to secure the payment of the money found due the plaintiff, with interest, amounting at the date of the judgment to $3,225.

By no possibility could the appellants have been injured by the overruling of their objection to admitting in evidence plaintiff's letter of November 16, 1886, to the board of harbor commissioners. The only effect that letter could have had was to show that, by waiving his right to warrants numbered 64 and 65, dated November 4, 1886, Finley did not waive his right to warrants thereafter to be drawn. There was and is no pretense of any such waiver.

I think the judgment and order should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.