MARY E. HANKS, APPELLANT, *v.* MATTHEWS, BROWN, AND CULLEN, RESPONDENTS.

STATUTORY CONSTRUCTION—SUIT FOR POSSESSION OF PREMISES— GRANTEE, PENDENTE LITE—SUBSTITUTION OF, AS PLAINTIFF.

1. Under section 3187, Comp. Laws Utah 1888, a grantee *pendente lite* of premises which constitute the subject-matter of a suit instituted to recover possession of the land has a right to be substituted as plaintiff, and, if so substituted, acquires all the rights of the plaintiff under the judgment.

**2.** *Same—Undertaking an Appeal.*

Where an undertaking on appeal is given, pursuant to section 1000, Rev. St. U. S., to a plaintiff in a cause involving the possession of land, a grantee of the plaintiff *pendente lite* acquires no right which can be enforced in his own name in an action upon the undertaking, unless such grantee shall have had himself substituted as plaintiff in the original action.

( No. 871.   Decided Jan. 27, 1898. )

Appeal from the Third district court, Salt Lake county. A. N. Cherry, *Judge.*

Action by Mary E. Hanks against Thomas Matthews and others on an appeal bond. Judgment for defendants, and plaintiff appeals.  *Affirmed.*

This is an action upon a bond on appeal from the supreme court of Utah to the supreme court of the United States, to recover damages from the principal and sureties on the bond for rents and profits from certain real estate in controversy, which accrued during the pendency of an appeal.  It is alleged in the complaint that on June 1, 1884, Ephraim M. Hanks, husband of the appellant herein, made a deed for certain real property to respondent, Thomas Matthews, and gave him possession of the property.  The deed, though absolute on its face, was in fact a mortgage to secure certain money which the mortgagee then and thereafter advanced to the mortgagor.  In February, 1888, Hanks instituted suit against Matthews, praying that the deed be declared a mortgage, that an accounting be had, and that, upon payment to Matthews of the amount found due him, the property be reconveyed to Hanks, and the possession be returned to him.  On May 14, 1890, a decree was entered in favor of Ephraim M. Hanks, and on the same day Hanks conveyed the property to his wife, Mary E. Hanks, by warranty deed, she having advanced

and paid the amount due Matthews into court for Hanks. Matthews then appealed to the supreme court of Utah, where the decree of the lower court was affirmed. 8 U. 181. On January 3, 1893, Matthews appealed to the supreme court of the United States, and filed the appeal bond in question herein; and respondents Brown and Cullen bound themselves as sureties "unto Mary E. Hanks, administratrix, her successors and assigns," in the sum of $1,000, conditioned to pay all damages and costs if the appellant should fail in the appeal. This appeal was dismissed by the supreme court of the United States, and judgment entered in the trial court in pursuance of the mandate and remittur. 16 Sup. Ct. 1203. On July 13, 1896, the clerk, by order of the court, and in accordance with the decree, "executed and delivered to the said Ephraim M. Hanks a deed to said property." It is further alleged that ever since May 14, 1890, the date of the decree, "said action was prosecuted by said Hanks, and afterwards by said Mary E. Hanks, as administratrix," and that this "plaintiff has been and is the real party in interest in said action," by virtue of the deed. During the pendency of the appeal, Matthews collected the rents and profits of the property in controversy, to the amount of $450. The defendant interposed a demurrer to the complaint, alleging that it did not state a cause of action; that there was a defect of parties plaintiff, in that it appeared that Ephraim Hanks and the administratrix of Ephraim Hanks should be parties plaintiff; and that the complaint was uncertain, unintelligible, and ambiguous, and did not state a cause of action, in this: that the demand for rents did not appear to have been allowed by the supreme court of the United States; that the bond did not provide for the payment of rent, but only for such damages as should be awarded by that court; and that,

not being awarded, rent was not within the terms of the bond. The demurrer was sustained, and the action dis-missed. From this action of the court the plaintiff prose-cuted her appeal to this court.

*Stephens & Smith,* for appellant.

*Brown & Henderson* and *Edward S. Ferry,* for respondents.

Bartch, J. (after stating the facts):

We think the ruling of the court in this case was not erroneous. The suit between Hanks and Matthews refer-red to in the complaint herein instituted for the purpose of declaring the deed from Hanks to Matthews to be a mortgage, and for the restoration of the property con-veyed thereby, and the possession thereof, to Hanks, had, in respect to the possession for the withholding of which damages are claimed, the effect of an action in ejectment, and therefore the controversy herein may be determined by the principles which apply to actions upon supersedeas bonds in suits in ejectment. A bond on appeal in such an action is required and executed to indemnify the plain-tiff against damages which he may sustain pending the ap-peal by the wrongful withholding of the possession by the defendant. The judgment in the action pleaded in the case at bar conclusively determines that the possession of the premises in controversy belonged to the plaintiff therein, and during the pendency of the appeal was wrong-fully withheld from him, no other plaintiff having been substituted. Under section 3187, Comp. Laws Utah 1888, the plaintiff herein, as grantee of the premises which con-stituted the subject-matter of that suit, had the right to have herself substituted as plaintiff therein; and, if she had done so, she would then herself have become the plaintiff, and would have acquired all the rights of the

plaintiff under the judgment. But, not having had herself so substituted in that action, she acquired no rights, as grantee, respecting the possession of the premises *pendente lite,* which can be enforced in an action, or under the judgment, in her own name, in the absence of an assignment of the rights of the plaintiff to her. The mere fact that she is the grantee of the plaintiff's estate in the premises does not constitute her his legal assignee, as to a bond on appeal from a judgment in his favor. Such would doubtless be the case if the bond were made direct to the plaintiff, and on principle, it would seem, the result is the same when the undertaking is to his administratrix. Substitution under the statute having been omitted, the nominal plaintiff in that action has become the trustee of the grantee, to prosecute the action and recover the possession of the land in his own name, and the grantee cannot sue on the appeal bond in her individual capacity. Where an undertaking on appeal is given, pursuant to section 1000, Rev. St. U. S., to a plaintiff in a cause involving the possession of land, a grantee of the plaintiff *pendente lite* acquires no right which can be enforced in his own name in an action upon the undertaking, unless such grantee shall have had himself substituted as plaintiff in the original action. *Walsh* v. *Soule,* 66 Cal. 443. The cases cited by counsel for the appellant are not in point, under the circumstances of this case. We are of the opinion that the complaint states no cause of action, and it is therefore unnecessary to discuss the other questions raised by the demurrer. The judgment is affirmed.

ZANE, C. J., concurs. MINER, J., concurs in the judgment.