[Civ. No. 4895. Second Appellate District, Division Two.—February 17, 1928.]

FRANK J. GOODWIN, as Administrator, etc., Appellant, v. RIVERSIDE HEIGHTS ORANGE GROWERS ASSOCIATION (a Corporation), Respondent.

Thomas K. Case for Appellant.

C. L. McFarland for Respondent.

VALENTINE, J., *pro tem.*—The above action was brought by plaintiff as administrator of the estate of Wm. H. H. Goodwin, deceased, to recover the sum of $2,771.96, which plaintiff claims is due him on account of oranges received by defendant from two properties formerly owned by said deceased. One property was located in San Bernardino

County, California, and was known as the Moorman Hill or San Bernardino County property; the other was located in Riverside County and was known as the Iowa Avenue or Riverside County property.

The following facts are not disputed: That between December 14 and December 20, 1919, defendant and respondent entered into an agreement with said Wm. H. H. Goodwin, deceased, wherein and whereby defendant agreed "to pick, hand pack, ship and market all the citrus fruit now growing on his [Goodwin's] land and all that, during the term of this agreement, may be grown upon his lands and premises." It is conceded that the two ranches above mentioned were the lands and premises referred to.

The agreement was to continue for five years unless terminated on November 15th of any year by either party giving written notice during the last fifteen days of the preceding August. It is not claimed that it was so terminated. Other provisions of the contract are not material here.

On January 14, 1920, Wm. H. H. Goodwin in writing notified defendant that he had leased his grove to W. A. Pfunder and S. D. Vincent, and to make all payments for December, 1919, and for the future, to them. That thereafter defendant during the years 1920 and 1921 made the following payments by check to the parties whose names appear after the respective amounts:

| Date | Amount | Parties |
|------|--------|---------|
| March 2, 1920 | $895.75 | Pfunder & Vincent |
| June 28, 1920 | 451.50 | "    "    " |
| August 19, 1920 | 701.27 | Jennie Cook |
| January 31, 1921 | 250.00 | "    " |
| February 8, 1921 | 100.00 | "    " |
| March 8, 1921 | 99.25 | "    " |
| May 4, 1921 | 150.00 | "    " |
| May 26, 1921 | 150.00 | "    " |
| June 15, 1921 | 300.00 | "    " |
| August 11, 1921 | 407.25 | "    " |

No claim is made by plaintiff for the amount of $895.75 paid March 2, 1920. In addition, defendant has in its possession the sum of $162.69, which is the aggregate of the amount retained by defendant from the sale of the

oranges taken from the San Bernardino County property, and certain refunds. Appellant only claims payments commencing with June 28, 1920.

On or about January 27, 1920, Wm. H. H. Goodwin executed two deeds to said Jennie Cook, one for the property in Riverside County and the other for the property in San Bernardino County. Wm. H. H. Goodwin died in San Bernardino County on May 6, 1920. On May 7, 1920, the above two deeds from him to Jennie Cook were recorded. Defendant was first notified of Goodwin's death on May 10, 1920. On May 18, 1920, notice of pendency of action was filed by plaintiff (this appellant) in Riverside and San Bernardino Counties, respectively, in actions against said Jennie Cook et al., to set aside the aforesaid deeds. Judgment was rendered October 10, 1921, in the action in Los Angeles County of Frank J. Goodwin as administrator of the estate of Wm. H. H. Goodwin, deceased, against Jonathan Snyder, Jennie Cook et al., setting aside these deeds, and ordering said Jennie Cook to forthwith account to the plaintiff for all of his receipts and disbursements in the matter of her *occupation, maintenance, and control* of said parcels of real property in Riverside and San Bernardino Counties, providing that plaintiff have judgment for any property shown to have been received and retained by her *"since she has been in possession of said real property."* (Italics ours.)

There is much argument in appellant's and respondent's briefs as to the law establishing the right of parties to the crops from lands which are out of the possession of the owner of the land, tending to show that where one is in alleged possession and subsequently ousted that, where possession is recovered by the owner, he takes the growing crops with the land, but that crops harvested are the property of the one in unlawful possession, and the owner's remedy is only to recover the rental value of the land, citing *Page* v. *Fowler,* 39 Cal. 412, 416 [2 Am. Rep. 462], *Rector* v. *Lewis,* 46 Cal. App. 168 [188 Pac. 1018], *Grossman* v. *Yip Wing et al.,* 62 Cal. App. 121 [216 Pac. 634], and *Halleck* v. *Mixer,* 16 Cal. 574, 579, all tending to show that defendant (respondent) was justified in making these payments to Jennie Cook while she was in possession under these deeds,

even if they were subsequently set aside and the plaintiff restored to possession.

But appellant states that the only question in this suit is whether the death of Wm. H. H. Goodwin revoked the order to defendant to pay Pfunder and Vincent, and argues that if it did, defendant is liable to plaintiff because defendant never had any authority to make the payments to Jennie Cook.

Without reference to the last proposition at this time, we think this fairly states the issue, because if Goodwin's death did not revoke the order to pay Pfunder and Vincent, they and not plaintiff would be the only ones entitled to object to the payments being made to Jennie Cook or to anyone else.

Under the order which Goodwin gave defendant January 14, 1920, to pay the money to Pfunder and Vincent, it is conceded by appellant that "the defendant was protected in making the payments as they became due to Vincent and Pfunder until the order was revoked." So that it clearly does not concern plaintiff to whom the money was paid until he has shown that the order was revoked. The respondent, having paid this money once and nothing appearing to show it was not paid in good faith, is entitled to ask, as it does, that the rule be strictly invoked that the burden is upon the plaintiff to prove the necessary facts to entitle him to recover.

The plaintiff (appellant) in support of his contention cites section 2356 of the Civil Code, as follows:

"The power of the agent . . . is terminated as to every person having notice thereof, by

"1. Its revocation by the principal;

"2. His death, or

"3. His incapacity to contract."

We think he should have quoted the entire section, the remainder of which reads as follows:

"Unless the power of an agent is coupled with an interest in the subject of the agency, it is terminated, as to every person having notice thereof, by:

"1. Its revocation by the principal;

"2. His death; or,

"3. His incapacity to contract."

The clause "Unless the power of an agent is coupled with an interest in the subject of the agency," is the material part of the section in its application here. No point is raised as to Goodwin's "incapacity to contract." Appellant's argument assumes two propositions, first, that the so-called "order" constituted Vincent and Pfunder the agents of Goodwin, and, second, if it did, that it was not "coupled with an interest in the subject of the agency."

Assuming the agency for the moment (without deciding it) the first question to be decided is, was it "coupled with an interest in the subject of the agency," and therefore not revoked by Goodwin's death?

If there was an agency—and respondent follows appellant's argument that there was—the "subject matter" of it was the contract between respondent and Wm. H. H. Goodwin which appellant admits was in force up to his death, under which Vincent and Pfunder were interested directly and continuously to the extent at least of being entitled to receive all money which, except for the said "order," Goodwin would have been entitled to receive; a very material "interest" it appears to us.

So that it becomes apparent on either alternative that the order was not revoked under section 2356 of the Civil Code, for if we consider that Vincent and Pfunder under the terms of the "order" simply became subrogated as lessees to Goodwin's rights under the contract to receive the money, there was no agency and section 2356 of the Civil Code does not apply; if, on the other hand, we assume the agency, then "the power of the agent was coupled with an interest in the subject of the agency," and the agency was not terminated by Goodwin's death. (*Norton* v. *Whitehead*, 84 Cal. 263, 268 [18 Am. St. Rep. 172, 24 Pac. 154]; *Cox* v. *Hughes*, 10 Cal. App., at p. 558 [102 Pac. 956]; *Travers* v. *Crane*, 15 Cal. 12, 18.)

Therefore, since appellant assures us that this question, of whether under section 2356 of the Civil Code the death of Wm. H. H. Goodwin revoked the order to defendant (respondent), is the only question in this case, and it appearing clearly that such order was not so revoked, we deem it unnecessary to consider further any of the other arguments of appellant or respondent (*Buena Vista Oil Co.*

v. *Park Bank of Los Angeles,* 39 Cal. App., at p. 713 [180 Pac. 12]), which arguments might have been material had we decided this proposition differently, but which arguments now become merely academic.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.