[Civ. No. 10923. Second Appellate District, Division Two.—April 15, 1936.]

NEW YORK LIFE INSURANCE COMPANY (a Corporation), Respondent, v. LORENA A. DOANE, as Executrix, etc., Appellant.

Randall & Bartlett for Appellant.

Kibbey, Cooper & Dulin and Walter B. Kibbey for Respondent.

CRAIL, P. J.—The sole question presented on this appeal is this: Is a power of sale contained in a mortgage revoked by the death of the mortgagor? Defendant has placed in her brief the following statement: "So far as we are able to ascertain, this question, while suggested in several decisions to which we will refer, has never been directly passed on by the courts of this state. It has been passed on by the courts of other states, but those decisions are in conflict." Respondent on its part quotes this statement with apparent approval.

Belle W. Atwood, defendant's decedent, during her lifetime borrowed from the plaintiff's assignor $9,000 and in return executed her promissory note for said sum secured by a mortgage on real property. The mortgage was recorded. Among other things, the mortgage contained the following clauses: "The mortgagors mortgage and warrant to the mortgagee, its successors and assigns with power of sale, the following described real estate . . . and the mortgagors do hereby *release* unto the mortgagee, and its successors and assigns forever, all their right, title and interest in said property . . . and that upon request of the mortgagee they will execute any further necessary assurance of the title to said property, and that they warrant the title to said property. . . . In the event of default in the payment of the indebtedness hereby secured or any part thereof or in any of the covenants or conditions of this mortgage, at the option of the mortgagee, without notice . . . the entire indebtedness secured by this instrument shall immediately become due . . . and the mortgagee shall have power to sell said premises ac-

cording to law without any right of redemption by mortgagors, or assigns, or successors in interest, or any or either of them." The assignment of the mortgage to the plaintiff was duly acknowledged and recorded.

Thereafter Belle W. Atwood died and the defendant became the executrix of her will. The debt had not been paid and plaintiff claimed that the power to sell survived her death. This claim was denied by the defendant. A controversy arose between the parties and this action was brought for declaratory relief. The complaint asked that the court declare affirmatively that the plaintiff had the right to sell the property under the power of sale contained therein, and that said power did not terminate by reason of the death of said Belle W. Atwood. The court rendered judgment for the plaintiff as prayed, and it is from this judgment the appeal is taken.

■ Whether or not the power to sell contained in the mortgage was revoked by the death of the mortgagor depends upon whether or not such power of sale was coupled with an interest. (Civ. Code, sec. 2356.) The appellate courts of California have had this question before them on several occasions. The early case of *Hall* v. *Boyd,* 60 Cal. 443, does not appear in the briefs of the parties, but this very question was argued in the respective briefs in that case as indicated in the summaries thereof which precede the opinion itself. In that case Laskie executed to Matthews a mortgage upon real property containing a power of sale clause. Thereafter Matthews in his own name as grantor and not as attorney in fact for Laskie executed to James Hall a quitclaim deed of the premises. In this deed no reference was made to the mortgage or to the power therein contained or to Laskie. Ten years later one Boyd purchased from Matthews the promissory note and mortgage and brought an action for the foreclosure of the mortgage. Among other things, the court said, "It is true that Matthews had *a power coupled with an interest,* but that power was to act as an attorney in fact," etc. In the case of *Goldwater* v. *Hibernia Sav. & Loan Soc.,* 19 Cal. App. 511 [126 Pac. 861], the question arose again, and among other things the court said: "Whether or not the power to sell contained in the mortgage is revoked by the death of the mortgagor depends upon whether or not such power of sale is a power coupled with an interest. . . . Upon this question there is much conflict in the decisions in those

states where, as in California, a mortgage transfers no title or estate in the property mortgaged. In this case, however, we do not deem it necessary to determine this question, for [the reason that the mortgage had ceased to be a lien upon the land].'' The Supreme Court, however, in denying a petition for a hearing in that court, said: ''We deem the opinion of the District Court of Appeal herein correct, regardless of the question whether a power of sale included in a mortgage is or is not technically a lien on the land. At the time the defendant attempted to execute the power, the debt, note and mortgage had become barred and the mortgagor was deceased. The lien of the mortgage was, therefore, extinguished, and the mortgagee, as holder of the power, was without any interest whatever in the land, as lienholder or at all. Consequently, on well-settled principles, *the interest once coupled with it* had then ceased to exist, it had become a naked power, and the mortgagor who made it being dead, the power had terminated with the extinction of the interest.'' In *Faxon* v. *All Persons,* 166 Cal. 707 [137 Pac. 919, L. R. A. 1916B, 1209], the court quoted the above language with approval and added the following: ''This, of course, was tantamount to saying that the only possible interest coupled with the power of sale was such interest as was essential to the enforcement of the lien of the mortgage by the execution of the power, and that *such interest,* together with the remaining naked power, necessarily terminated with the extinguishment of the mortgage lien.''

It was upon the authority of these decisions and possibly others, that in 1924 the following text was inserted into volume 18 of California Jurisprudence, page 262: ''Whether or not a power to sell contained in a mortgage is revoked by the death of the mortgagor depends upon whether or not such power of sale is a power coupled with an interest. While there is much conflict in the decisions, in states where, as in California, a mortgage transfers no title or estate in the prop-. erty mortgaged, the rule seems to be that the mortgagee has a power coupled with an interest, prior to the expiration of the period limited for bringing an action upon the principal obligation.'' California Jurisprudence, of course, is not law in itself, but it is read and followed by a large portion of the lawyers of California as a ready handbook by which to discover the law, and undoubtedly that text has been followed

by members of the bar on numerous occasions. The text as cited is approved in the Ten-Year Supplement of said work, volume 8, page 85, section 543, by citation to 56 A. L. R. 224.

Appellant relies greatly upon the case of *Hunt* v. *Rousmanier's Admr.*, 8 Wheat. (U. S.) 174 [5 L. Ed. 589, 598], which holds "that the interest which can protect a power after the death of a person who creates it, must be an interest in the thing itself. In other words, the power must be engrafted .on an estate in the thing." This case has been frequently cited by the Supreme Court of this state. And defendant relies upon the following cases in which the Hunt case has been cited with approval: *Scott* v. *Superior Court*, 205 Cal. 525 [271 Pac. 906] ; *Cox* v. *Hughes*, 10 Cal. App. 553 [102 Pac. 956] ; *Boehm* v. *Spreckels*, 183 Cal. 239 [191 Pac. 5] ; *Frink* v. *Roe*, 70 Cal. 296 [11 Pac. 820] ; *Parke* v. *Frank*, 75 Cal. 364 [17 Pac. 427]. The contention of the defendant is that the power to sell is merely a lien upon the property ; that it conveys no estate or title to the land, and it is by section 858 of the Civil Code to be deemed a part of the security ; and that as the security of which it is a part is not an estate or title to the land, the part can have no greater force or effect than the whole. The final conclusion, however, is "that the exact question before us has not been decided in California".

In the case of *Norton* v. *Whitehead*, 84 Cal. 263 [24 Pac. 154, 18 Am. St. Rep. 172], the Supreme Court distinguishes between the Hunt case and a case in which the power of sale is included within a mortgage as follows: "In the case of *Hunt* v. *Rousmanier*, 8 Wheat. 175 [5 L. Ed. 589], there was no sale nor assignment of *any interest* in the subject-matter (vessels at sea) of the power of attorney, by way of *mortgage or otherwise*. The bill shows that the complainant intentionally and expressly declined to take a mortgage of the vessels."

In a great majority of the cases in other jurisdictions the courts have held that a power of sale in a mortgage is one coupled with an interest. It would serve no useful purpose to review the cases herein or even to cite them. They are collected and reviewed in 56 A. L. R. 224 et seq. In a discussion of the cases the following quotation is taken from *Reilly* v. *Phillips*, 4 S. D. 604, 610 [57 N. W. 780] : "Appel-

lants insist that the rule of these cases is not applicable in this jurisdiction, because, under our law, the mortgagor retains the title to the estate mortgaged, contrary to the law prevailing in most of the states whence these decisions come; but we apprehend that, upon principle, that fact ought not to make any difference in respect to the survival of the power. Even in the states where the mortgage is held to convey the legal title to the mortgagee, the transfer is only nominal. It is more of a fiction than a reality. If the mortgagee, who is said to hold the legal title, die, his interest does not pass to his heirs as real estate, but to his executor or administrator, as personal property. It is a chose in action, precisely as in this state.'' For another collection of cases in support of the statement that the majority of cases sustains the rule, that a power of sale in a mortgage is one coupled with an interest, see 41 C. J. 927, sections 1345 to 1348. The recent volume of the American Law Institute on Agency, page 355, has this to say under the section entitled: ''Termination of Powers Given as Security. (1) Unless otherwise agreed, a power given as security is not terminated by: . . . (d) the death of the holder of the power, or, if the power is given as security for a duty which does not terminate at the death of the creator of the power, by his death.''

Mortgages with a power of sale as a form of security, although such powers of sale are strictly construed (*Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514 [39 Pac. 922]), are not looked upon with disfavor in California. (*Godfrey* v. *Monroe,* 101 Cal. 224 [35 Pac. 761].) Indeed, such powers of sale are expressly permitted by section 2932 of the Civil Code, and since July 27, 1917, the exercise of such powers has been carefully regulated. (Civ. Code, sec. 2924.) In this connection we should also bear in mind section 858 of the Civil Code, which reads as follows: ''Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is to be deemed a part of the security, *and vests in any person who, by assignment, becomes entitled to the money so secured to be paid, and may be executed by him whenever the assignment is duly acknowledged and recorded.*'' This indicates to some extent that California intended that such a power of sale survives until the debt is paid or barred by the statute of limitations.

Such powers of sale have been treated in California as ''a power coupled with an interest'' continuously since the early case of *Hall* v. *Boyd, supra.* Mortgages containing such power of sale have become a fixture in our economic life. At this late day to hold by judicial pronouncement that such powers cannot be effectively exercised would not only cause confusion but place in jeopardy sales which have been made thereunder, rendering titles doubtful.

The mere fact that a person does not own an estate in or title to land is not conclusive that he does not have ''an interest'' therein. On the contrary, the mortgagee under the circumstances of this case had ''such interest as was essential to the enforcement of the lien of the mortgage by the execution of the power''. (*Faxon* v. *All Persons, supra.*) Our conclusion is that the power of sale was vested in the plaintiff under section 858 by reason of the assignment, and that, being coupled with an interest in the land, it has not been revoked by the death of the mortgagor.

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 11, 1936.