[No. B081334. Second Dist., Div. Six. Dec. 20, 1994.]

ALEX COSENTINO, Plaintiff and Respondent, v.
COASTAL CONSTRUCTION COMPANY, Defendant and Appellant.

COUNSEL

Diehl & Rodewald and Joseph W. Diehl, Jr., for Defendant and Appellant.

Ronald E. Harris for Plaintiff and Respondent.

OPINION

YEGAN, J.—Coastal Construction Company (hereafter seller) appeals from a declaratory relief judgment enjoining it from foreclosing on a purchase

money deed of trust. The trial court ruled that Probate Code section 9391 barred enforcement of the trust deed because seller failed to file a creditor's claim with the debtor's estate waiving recourse against other property in the estate.[1] Section 9391 provides: "The holder of a mortgage or other lien on property in the decedent's estate, including, but not limited to, a judgment lien, may commence an action to enforce the lien against the property that is subject to the lien, without first filing a claim as provided in this part, if in the complaint the holder of the lien expressly waives all recourse against other property in the estate. Section 366.2 of the Code of Civil Procedure does not apply to an action under this section." We reverse and conclude that section 9391 does not apply to private nonjudicial foreclosures brought under a power of sale to enforce a deed of trust.

In 1977, seller conveyed a residential lot to Louis Cosentino and his wife, Edith. Seller financed the sale by carrying back a $20,000 purchase money note secured by a deed of trust. The note provided for a February 26, 1978, due date. Louis and Edith built their home on the property but never paid the note.

Louis survived Edith and died in 1991. He devised the property to his brother, respondent herein, Alex Cosentino. Respondent probated the estate under the Independent Administration of Estates Act and acquired title to the residential lot on September 30, 1991. Seller thereafter recorded the deed of trust and a notice of default to enforce the obligation.

Respondent commenced this action to enjoin the foreclosure. The complaint alleged that seller failed to file a creditor's claim with the probate court. (§§ 9050, 9150, subd. (b).) Roger Himovitz, president and sole shareholder of seller, testified that he mailed the creditor's claim to respondent based on the belief that the estate would pay off the loan.

The trial court, by minute order, ruled that seller, "as the beneficiary under a Deed of Trust, was exempt from the claims filing requirements of the *Probate Code* and entitled to enforce its security interest only to the extent that it complied with the requirements of *Probate Code*, § 9391. There being no proof that [seller] '. . . expressly waives all recourse against other property in the estate,' and it being admitted that [seller] filed no timely claim with the probate clerk, the Court declares that [seller's] Notice of Default, recorded March 19, 1993, is invalid and that it does not constitute a cloud on the title . . . . ." The trial court enjoined seller "from selling or attempting to sell, or causing to be sold, the trust property, either under the power of sale contained in the Deed of Trust or by foreclosure action."

---

[1] All statutory references are to the Probate Code unless otherwise stated.

Seller moved to vacate the judgment on the ground that section 9391 applied to judicial foreclosure actions, not private nonjudicial foreclosures. The trial court denied the motion.

■ Seller contends that section 9391 does not bar a nonjudicial foreclosure instituted under the power of sale in a deed of the trust. Section 9391 provides that a mortgagee ". . . may *commence an action* to enforce the lien against the property that is subject to the lien, without first filing a claim as provided in this part, *if in the complaint* the holder of the lien expressly waives all recourse against other property in the estate." (Italics added.) The statute refers to an "action" brought by the mortgagee and requires that the mortgagee waive, in the body of the complaint, recourse against other estate property. Where, as here, the mortgagee forecloses under the power of sale in the deed of trust, no complaint is filed to enforce the obligation. Exercise of a power of sale in a deed of trust is not an "action." (Code Civ. Proc., §§ 22, 726; 3 Witkin, Summary of Cal. Law (9th ed. 1987) Security Transactions in Real Property, § 115, p. 617.)

Seller contends that compliance with section 9391 would be a meaningless act because the underlying obligation is a nonrecourse purchase money note. (Code Civ. Proc., § 580b.) The point is well taken. "The law neither does nor requires idle acts." (Civ. Code, § 3532.) The power of sale is a part of the security and is a power coupled with an interest that survives the death of the trustor-debtor. (Civ. Code, § 2932.5; *New York Life Ins. Co.* v. *Doane* (1936) 13 Cal.App.2d 233, 238 [56 P.2d 989].) If the mortgagee fails to present a claim against the trustor's estate, his recourse is limited to the mortgaged property. (*Estate of Huelsman* (1899) 127 Cal. 275, 277 [59 P. 776].)

In *More* v. *Calkins* (1892) 95 Cal. 435 [30 P. 583], our Supreme Court construed Code of Civil Procedure section 1500, the predecessor to section 9391, and held that the claims statute did not apply to nonjudicial foreclosures. The court stated: "As the deed made by plaintiff's intestate requires no judicial foreclosure, and the powers and trusts therein declared are in full force, it follows that sections 1493 and 1502 of the Code of Civil Procedure, prescribing the time within which claims must be presented against the estate of a deceased person, and section 1500 of the same code, allowing an action for foreclosure of a mortgage, without presentation of such claim, only 'when all recourse against any other property of the estate is expressly waived in the complaint,' have no application to the case before us, and the right of the defendant to execute the powers conferred by the deed, and apply the proceeds arising therefrom to the payment of the debts and charges named in the deed, is not dependent upon a compliance with these sections." (95 Cal. at pp. 438-439.)

The "waiver of recourse" provision set forth in section 9391 has existed for more than 100 years. The provision was first enacted in 1851 as Code of Civil Procedure section 1500 (Stats. 1851, ch. 124, § 136, p. 465), renumbered and enacted as Probate Code section 716 (Stats. 1931, ch. 281, § 716, p. 633), and then renumbered and enacted with nonsubstantive changes as Probate Code section 9391. (Stats. 1988, ch. 1199, § 86, p. 3966; see Historical and Statutory Notes, 53A West's Ann. Prob. Code (1991 ed.) § 9391, pp. 499-500.)

Respondent has cited no authority, and we have found none, holding that noncompliance with section 9391 or the predecessor statutes bars private nonjudicial foreclosures. The reason is obvious. The holder of a purchase money trust deed may only look to the security for recovery of the obligation. (Code Civ. Proc., § 580b; *Brown* v. *Jensen* (1953) 41 Cal.2d 193, 197-198 [259 P.2d 425].) A lender who conducts a nonjudicial foreclosure may not seek a deficiency judgment against the debtor or his estate. (Code Civ. Proc., §§ 580b, 580d, 726.)

Respondent relies upon *Spangler* v. *Memel* (1972) 7 Cal.3d 603, 614 [102 Cal.Rptr. 807, 498 P.2d 1055] and *Long* v. *Superior Court* (1985) 170 Cal.App.3d 499, 505-506 [216 Cal.Rptr. 337], and asserts that in nonstandard transactions, where a buyer purchases property for development, a deficiency judgment may be allowed. The argument lacks merit. No evidence was presented that the parties agreed to subordinate the trust deed or that it was subordinated to a construction loan. An implied agreement to subordinate the deed of trust would not change the result. "*Spangler* does not make the mere presence of a subordination agreement a push button that defeats the rule of automatic application of [Code of Civil Procedure] section 580b." (*Thompson* v. *Allert* (1991) 233 Cal.App.3d 1462, 1466 [285 Cal.Rptr. 367]; see also *Budget Realty, Inc.* v. *Hunter* (1984) 157 Cal.App.3d 511, 512 [204 Cal.Rptr. 48] [purchase money transaction subject to antideficiency protection where trust deed contained an unexercised agreement to subordinate].)

The trial court erred in ruling that section 9391 barred foreclosure of the security interest. Seller was not required to file written notice stating that it waived recourse against other estate property.

This, however, does not end the matter. Both sides have raised the issue of whether the trust deed is time barred by Civil Code section 882.020, subdivision (b). This section provides that the lien created by the deed of trust expires 10 years after the date of the obligation, if that date is ascertainable from the record, or 60 years after recordation of the trust deed

if the last date fixed for payment of the debt is not ascertainable from the recorded document. (*Miller* v. *Provost* (1994) 26 Cal.App.4th 1703, 1708-1709 [33 Cal.Rptr.2d 288]; Bernhardt, Cal. Mortgage and Deed of Trust Practice (Cont.Ed.Bar 2d ed. 1990) § 6.19, p. 294.)

Respondent also argues that no interest is due on the note because it provides for ". . . interest from August 26, 1977 until paid, at the rate of AT BUYERS OPT per cent, per annum, payable at MATURITY." We decline to review these issues until they are ruled upon by the trial court.

The judgment is reversed and the trial court is directed to enter an order vacating the injunction. Costs on appeal are awarded to appellant.

Stone (S. J.), P. J., and Gilbert, J., concurred.